# Hawkins *et al.* v. Duncan.

*Action on Official Bond of County Treasurer.*

1. *Compensation of juror at coroner's inquest; claim must be-audited. and allowed by court of county commissioners.*—Before a juror upon an inquest held by a coroner is entitled to compensation, payable from the county treasury, his claim must, under the provisions of section 4876 of the Code, have been presented to, audited and allowed by, the court of county commissioners; section 4885 of the Code, providing that jurors summoned by a coroner to hold an inquest "are entitled to the same compensation allowed grand and petit jurors, to be paid in the same manner," meaning that coroner's jurors are to be allowed the same compensation as grand and petit jurors, which must be paid from the county treasury, in the same manner as the other fees for holding a coroner's inquest are paid.

APPEAL from Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The facts of the case are sufficiently stated in the · opinion.

W. I. GRUBB, for appellants.

Z. T. RUDULPH, *contra.*

BRICKELL, C. J.—The action commenced by the appellee, as plaintiff, before a justice. of the peace, is founded on the official bond of appellant, as county treasurer of the county of Jefferson. The alleged breach of the bond consists in the refusal of the appellant, as county treasurer, having money in his hands sufficient, to pay on presentment and demand a certificate issued to him by the coroner, as his compensation as a juror upon an inquest held by the coroner. The justice of the peace rendered a judgment against the appellant, from which he appealed to the circuit court. A complaint was filed by the appellee, to which the appellant demurred, assigning three causes of demurrer, which are reducible to a single proposition : that the complaint not alleging that the claim had been presented to, audited and allowed

by, the court of county commissioners, did not state a substantial cause of action. The demurrer was overruled, and judgment rendered against the appellant.

The compensation of grand and petit jurors is a preferred claim, payable from the county treasury on the certificate of the clerk of the court in which the service was rendered, and is not subject to audit and allowance by the court of county commissioners.—Code, §§ 908, 4883. The statute providing for the compensation of jurors summoned by a coroner to hold an inquest, declares that they "are entitled to the same compensation allowed grand and petit jurors, to be paid in the same manner."—Code, § 4885. As the compensation of grand and petit jurors is not subject to audit and allowance by the court of county commissioners, but is payable on the certificate of the clerk of the court, the argument is, and it seems to have prevailed in the court below, that the compensation of jurors summoned by the coroner to hold an inquest, must be paid on the certificate of the coroner, and is not subject to the audit and allowance of the commissioners' court. The argument is based wholly on the words "paid in the same manner." These words are not capable of an interpretation which will render applicable to the members of a coroner's jury all the terms of the statutory provisions touching the compensation of grand and petit jurors, the evidence of the compensation which is essential to charge it on the county treasury, and which authorizes its payment. The coroner's jury is not a constituent of a court of record; there is no clerk to certify the compensation, and a certificate by whom becomes the exclusive, and, in the absence of fraud, the unimpeachable, evidence of the compensation to which the juror is entitled. Properly interpreted, the words mean no more than that the compensation of the coroner's jury must be paid from the county treasury. If it had been intended they should have a larger signification, withdrawing the claim from the operation of the general statute subjecting all claims to audit and allowance of the court of county commissioners, there would have been, as there is when a claim is excepted from the operation of these statutes, a mode of verifying or authenticating the claim prescribed.

But what is conclusive is, that this statute must be

construed in connection with section 4876, which de-clares that "fees for holding an inquest shall be paid out of the county treasury, when, in the opinion of the court of county commissioners or board of revenue, the in-quest should have been held."

It may be supposed this section refers only to the fees enumerated or specifically mentioned in the section im-mediately preceding; the fees of the coroner. The words of the section are general, comprehending all fees for holding an inquest, payable out of the county treas-ury. Making them so payable, when it is the opinion of the court of county commissioners the inquest should have been held, is in harmony with the general policy of the statutes to submit all claims against the county to the audit and allowance of that court. There can be no substantial reason assigned for singling out the fees or compensation of the jurors, making them payable though the court of county commissioners is of the opin-ion the inquest ought not to have been held, and exclud-ing the coroner and the physician or surgeon. We are of the opinion, before a juror summoned by a coroner to hold an inquest is entitled to compensation, payable from the county treasury, the claim must have been audited and allowed by the court of county commission-ers. The circuit court erred in overruling the demurrer to the complaint, and the judgment must be reversed, and a judgment here rendered for the appellant, and the appellee will pay the costs in this court and the court below.

Reversed and rendered.